UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SCOTTSDALE INSURANCE COMPANY

    CIVIL ACTION

VERSUS

    NO. 15-392-JJB-SCR

COMMERCIAL TIRE OF LOUISIANA,
INC.

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment (Doc. 12) brought by Third-Party Defendants, Regions Insurance, Inc. ("Regions") and Stephen Gaffney ("Gaffney"). Third-Party Plaintiff, Commercial Tire of Louisiana, Inc. ("Commercial Tire"), has filed an opposition (Doc. 15) and Defendants have filed a reply brief (Doc. 22). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Defendants' Motion for Summary Judgment (Doc. 12) is **GRANTED**.

### I.  Background

The following facts are undisputed.[1] Commercial Tire hired Gaffney to assist it in procuring an insurance policy for a Baton Rouge property. On June 4, 2012, Gaffney submitted an Insurance Proposal ("Proposal") to Commercial Tire's President and CEO, Michael Bueche ("Bueche") and Controller, Martha Puderer ("Puderer"). The Proposal contained several quotes

---

[1] *See Compl.*, Doc. 1; *Answer*, Doc. 3; *Movants' Statement Undisputed Facts*, Doc. 12-1; *Resp'ts' Statement Undisputed Facts*, Doc. 15-1. "Respondent . . . is in basic agreement with Movers' . . . recitation of the facts and procedural background of this case." *Pls.' Opp'n* 1, Doc. 15. The only factual disputes apparent from the parties' briefs concerns the extent of Gaffney's duties to Commercial Tire and Gaffney's and Regions' involvement with the insurance policy in place at the time of the fire. *See id.* at 1–2. These factual disputes, however, are not material to this Court's determination of whether Commercial Tire's claims against Gaffney and Region are perempted under La. R.S. 9:5606.

1

for insurance coverage, including the Scottsdale policy. The Scottsdale quote, as described in the Proposal, specifically stated: "Warrants and Representations: Central Station Burglar and Fire Alarms[.]" *Ins. Proposal* 6, Doc. 12-3 Ex. 1(A) (Gaffney Aff.). Commercial Tire—through Bueche and Puderer—subsequently informed Gaffney that it had selected the Scottsdale policy. Shortly thereafter, on July 16, 2012, Bueche executed an Acord Commercial Insurance Application (the "Application") on behalf of Commercial Tire. In the Application, Bueche warranted that he was "an authorized representative of the applicant and represent[ed] that reasonable enquiry ha[d] been made to obtain the answers to questions on th[e] application." *Com. Ins. Appl.* 3, Doc. 12-3 Ex. 1(B) (Gaffney Aff.). In response to a question concerning the property itself, Bueche indicated that the premises had a central station fire alarm. *Id.* at 9. Commercial Tire then informed Gaffney that his services were no longer required. On September 5, 2012, Regions delivered the Scottsdale policy to Commercial Tire—the policy included an exclusion for "Protective Safeguards" including a central station fire alarm. The correspondence which accompanied the policy stated: "We encourage you to read your policies to familiarize yourself with the policies['] terms, endorsements, exclusions, and conditions, as these affect your coverage." *Email from Heather E. Fox, Customer Serv. Representative, Regions Ins., to Martha Puderer, Controller, Com. Tire* (Sept. 5, 2012, 5:54 PM), Doc. 12-4 Ex. 2(A) (Durand-McMorris Aff.).

On November 22, 2014, Commercial Tire's property was destroyed by a fire; at that time Scottsdale Insurance Company ("Scottsdale") insured the property. Commercial Tire submitted a claim to Scottsdale for losses sustained in the fire. Scottsdale filed a Complaint for Declaratory Judgment and Indemnification alleging that it does not have a duty to pay proceeds or provide coverage under the policy because, among other things, Commercial Tire failed to maintain a

2

central station fire alarm at the time of the fire. *See Compl.*, Doc. 1. On July 14, 2015, Commercial Tire filed a Third-Party Complaint against Gaffney and Regions alleging that they "failed to advise Commercial Tire of [the] exclusion" in the Scottsdale policy that required Commercial Tire to maintain a central station fire alarm prior to the issuance of Scottsdale's first insurance policy to Commercial Tire, which covered the period of July 15, 2012 to July 15, 2013. *Third-Party Compl.* ¶ 8, Doc. 3. Regions and Gaffney now bring the present motion arguing that they are entitled to summary judgment on all claims brought against them by Commercial Tire because such claims are time barred by La. R.S. 9:5606.

## II.   Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). If, once the non-moving party has been given the

3

opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

### III.   Discussion

The defendants argue that La. R.S. 9:5606's one year peremptive period began to run, at the latest, on the date that Commercial Tire received the Scottsdale insurance policy (September 5, 2012). *Defs.' Supp. Mem.*, Doc. 12-2. According to the defendants, at that time, Commercial Tire should have discovered the central station fire alarm exclusion because they had constructive knowledge of the terms of the policy based on having received the Proposal, executed the Application, and received the policy itself. *Id.* at 11–12. In response, Commercial Tire alleges that there are genuine disputes concerning Gaffney's duties to Commercial Tire and what he did or failed to do with regard to advising on the Scottsdale policy, as well as genuine disputes concerning Gaffney's and Regions' involvement with the policy that was in effect at the time of the fire.[2] *Pls.' Opp'n* 1–2, Doc. 15. Finally, Commercial Tire argues that the claims against the defendants are not time barred because the peremptive period did not begin to run until Commercial Tire suffered damages—i.e. when the insurance claim was denied. *Id.* at 5.

La. R.S. 9:5606 provides a peremptive period for claims against insurance agents and brokers.[3] The statute states:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or

---

[2] According to Commercial Tire, the defendants' assertion that they had no involvement with the insurance policy Commercial Tire had at the time of the fire is incorrect because Gaffney assisted in procuring the 2012 policy, and that same policy was renewed in 2013 and 2014. *Pls.' Opp'n* 1, Doc. 15. Regardless of the defendants' involvement, the renewal of an insurance policy each year does not restart the one-year peremptive period of La. R.S. 9:5606. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 670 (5th Cir. 2007) (citing *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382 (La. App. 1 Cir. 2003)); *see Belmont Commons, LLC v. Axis Surplus Ins. Co.*, No. CIV.A. 06-6879, 2007 WL 2751202, at *4 (E.D. La. Sept. 19, 2007) (stating that renewals do not restart peremption unless the "complained of conduct constitutes 'separate and distinct acts'").

[3] The parties do not dispute that Regions and Gaffney fall under the purview of La. R.S. 9:5606.

> otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, *or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered*. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> * * *
>
> D. The one-year and three-year periods of limitation provided in Subsection A . . . are peremptive periods . . . and may not be renounced, interrupted, or suspended.

La. R.S. 9:5606 (emphasis added). This peremptive period begins when a plaintiff obtains actual or constructive knowledge of the act, omission, or neglect. *See Green Trails, LLC v. Stewart Title of La., Inc.*, 111 So. 3d 14, 17 (La. App. 1 Cir. 2012). "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. . . . Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of the peremptive period." *Id.* at 17–18 (citations omitted). Under Louisiana law, an insured has a duty to read an insurance policy and is deemed to have knowledge of the policy's content. *Seruntine v. State Farm Fire & Cas. Co.*, 42 So. 2d 968 (La. 2010) (per curiam) (stating that plaintiffs "knew or should have known of their deficient coverage" because the relevant exclusions were clear from the policy); *see Myers v. Burger King Corp.*, 618 So. 2d 1123, 1125 (La. App. 4 Cir. 1993) ("A person who signs a written instrument is presumed to know its contents and cannot claim that he did not read or understand the document.").

Generally, an insured is deemed to have "discover[ed]" the contents of the policy—i.e. it has constructive knowledge of the policy—on the date the insured received the policy. *Maxum Offshore Servs., LLC v. Laris Ins. Agency, LLC*, No. 2013 CA 1682, 2014 WL 4658189, at *3 (La. App. 1 Cir. Sept. 17, 2014) (discussing the "numerous cases" supporting this conclusion);

5

*see, e.g.*, *Ruiz v. Allstate Ins. Co.*, 295 Fed. Appx. 668, 672 (5th Cir. 2008); *Campbell*, 509 F.3d at 671–72; *Lightfoot v. Hartford Fire Ins. Co.*, No. CIV.A. 07-4833, 2010 WL 4103165, at *6 (E.D. La. Oct. 18, 2010). In cases where courts held otherwise, it is because the insurance policy is complex and the act, omission, or neglect at issue goes beyond questions of coverage and exclusions. *Maxum*, 2014 WL 4658189 at *3; *see Belmont Commons*, 2007 WL 2751202 at *5.

In this case, there is no genuine issue concerning any of the facts material to Commercial Tire having constructive knowledge of the central fire alarm exclusion. The undisputed evidence demonstrates that Commercial Tire: (1) received the Proposal, including the Scottsdale quote which stated: "Warrants and Representations: Central Station Burglar and Fire Alarms"; (2) executed the insurance Application and represented that the premises contained a central station fire alarm; and (3) received the policy itself, which contained the protective safeguards' exclusion. While each of these events individually may be sufficient to put Commercial Tire on constructive notice, the Court finds that these events, when viewed collectively, were more than enough to create constructive knowledge of the policy's terms and exclusions. Language concerning a central station fire alarm, present in all three above-mentioned documents, put Commercial Tire on notice of the exclusion and should have led to further inquiry to clarify the policy's terms. Moreover, under well-established Louisiana law, Commercial Tire was under a duty to read the policy once it was received and was deemed to know its contents. Additionally, it is undisputed that Bueche signed the Application and is thereby presumed to know its contents. Therefore, Commercial Tire had constructive knowledge of the central station fire alarm exclusion by the time it received the policy.

Although Commercial Tire argues that the peremptive period did not begin to run until Scottsdale denied its claim—i.e. when it actually discovered the exclusion—the Court finds this

argument unpersuasive. La. R.S. 9:5606 applies when the insured has *either* actual or constructive knowledge. Unlike the cases which focus on actual knowledge, such as the cases which begin the peremptive period when the claim was denied, the issue in this case is limited to a policy exclusion, and there is no indication that the Scottsdale policy is complex. Based on Commercial Tire's constructive knowledge of the policy's contents, and consistent with Fifth Circuit precedent, the peremptive period began to run, at the latest, on the date that Commercial Tire received the Scottsdale policy—September 5, 2012. Commercial Tire filed its claims against Regions and Gaffney on July 14, 2015, well over a year after Commercial Tire received the Scottsdale policy. Since there is no genuine dispute concerning any of the facts that constitute Commercial Tire's constructive knowledge, the defendants have demonstrated that they are entitled to judgment as a matter of law on the issue of peremption. Therefore, Commercial Tire's claims against Regions and Gaffney are barred by La. R.S. 9:5606.

## IV.   Conclusion

For the reasons stated herein, the Defendants' Motion for Summary Judgment (Doc. 12) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on December 14, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**