UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY | CIVIL ACTION NO. 3:15-CV-00392 |
| VERSUS | JUDGE JAMES J. BRADY |
| COMMERCIAL TIRE OF OF LOUISIANA, INC. | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY** | **CIVIL ACTION NO. 3:15-CV-00392** |
| **VERSUS** | **JUDGE JAMES J. BRADY** |
| **COMMERCIAL TIRE OF OF LOUISIANA, INC.** | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the Motion For Leave To File First Amended And Restated Answer To Complaint For Declaratory Judgment And Indemnification And Counter Claim And Third Party Demand Of Commercial Tire Of Louisiana, Inc., filed by Defendant and Petitioner in Counter Claim Commercial Tire of Louisiana, Inc. ("Commercial Tire").[1] The motion is not opposed. For the reasons that follow, it is recommended that the motion be **GRANTED IN PART AND DENIED IN PART**.

**Factual Background**

Plaintiff Scottsdale Insurance Company ("Scottsdale") issued insurance policy number CFS0204084 (the "Policy") to Commercial Tire,[2] which insured Commercial Tire's facility, located at 13950 Plank Road, Baker, Louisiana.[3] A fire occurred at that property on November 22, 2014, for which Commercial Tire submitted a claim to Scottsdale under the Policy.[4] Scottsdale seeks a declaratory judgment that it has no duty to indemnify Commercial Tire or pay any proceeds under the Policy related to the fire loss and that Commercial Tire is obligated to indemnify

---

[1] R. Doc. 28.
[2] R. Doc. 1, ¶1.
[3] *Id.*, ¶3.
[4] *Id.*, ¶4.

Scottsdale for any amount due under the policy to JP Morgan Chase Bank, who holds a mortgage on the property.

Commercial Tire filed its original Answer To Complaint For Declaratory Judgment And Indemnification And Counter Claim And Third Party Demand on July 14, 2015.[5] The original Answer contained a counterclaim against Scottsdale, as well as the third-party demand against Stephen Gaffney ("Gaffney") and Regions Insurance.[6] Gaffney was an employee of Regions Insurance and obtained the Policy from Scottsdale for Commercial Tire.[7] The Third-Party Demand against Gaffney and Regions Insurance was dismissed on motion practice by Ruling, dated December 14, 2015.[8]

The court entered a Scheduling Order on October 1, 2015.[9] Paragraph C of the Scheduling Order provides that "[m]otions to amend the pleadings to add new parties or claims shall be filed by February 10, 2016."[10] This was the deadline proposed by the parties in their joint Status Report.[11] The instant motion is timely under the Scheduling Order.

Commercial Tire filed this motion seeking leave to file its First Amended Answer To Complaint For Declaratory Judgment And Indemnification And Counter Claim And Third Party Demand (the "Amended Answer").[12] The proposed Amended Answer substantively changes the original Answer in the following ways: 1) it adds a jury demand;[13] and 2) it adds new affirmative

---

[5] R. Doc. 3.
[6] *Id.* at p. 18. The document contains in the title the phrase "Third Party Demand," but within the pleading, those allegations against Gaffney and Regions Insurance are actually titled a "Third Party Complaint" in the original and proposed Amended Answer. The court will refer to the claims against Gaffney and Regions Insurance as a "third-party demand."
[7] *Id.* at p. 19.
[8] R. Doc. 24.
[9] R. Doc. 23.
[10] *Id.*
[11] R. Doc. 17, ¶(H)(1).
[12] R.Doc. 28.
[13] R. Doc. 28-1, p. 1.

defenses.[14] Additionally, the Amended Answer still contains a third-party demand against Gaffney and Regions Insurance, which is substantively the same as the third-party demand contained in the original Answer.

## Analysis

### A. Third-Party Demand

The Amended Answer reasserts the same substantive allegations asserted in the original Answer with regard to the third-party demand against Gaffney and Regions Insurance. Gaffney and Regions Insurance filed a Motion for Summary Judgment seeking dismissal of those claims,[15] which was granted by this Court.[16]

Accordingly,

It is recommended that the motion be **DENIED** to the extent the Amended Answer incorporates the third-party demand against Gaffney and Regions Insurance and that Commercial Tire be instructed to strike that portion of the Amended Answer.

### B. Jury Demand

Federal Rule of Civil Procedure 38 provides the following with regard to the timing for requesting a jury trial:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).

---

[14] *Id*. at pp. 2-3. The Sixth through Eleventh Affirmative Defenses are new.
[15] R. Doc. 12.
[16] R. Doc. 24.

Rule 38(d) goes on to state, in pertinent part: "a party waives a jury trial unless its demand is properly served and filed."

Federal Rule of Civil Procedure 39(b) states:

> Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

The decision to grant Rule 39(b) relief is discretionary. While the court recognizes the proposition that a Rule 39(b) *motion* should generally be granted to permit a jury trial "in the absence of a strong and compelling reason to the contrary,"[17] there is no Rule 39(b) motion before the court.

Here, neither Commercial Tire nor Scottsdale requested a trial by jury in their initial pleadings, however, Gaffney and Regions Insurance requested a jury trial in their Answer to Third Party Complaint and Jury Demand.[18] Gaffney and Regions Insurance were then ultimately dismissed from the case pursuant to this court's ruling granting their Motion for Summary Judgment on December 14, 2015.[19] The Scheduling Order sets this matter for a jury trial beginning March 20, 2017,[20] however, the party that demanded trial by jury has been dismissed from the case.

Commercial Tire does not address any of these issues in its motion. Commercial Tire's motion does not indicate that its proposed Amended Answer includes an untimely jury demand, nor does Commercial Tire request relief under Federal Rule of Civil Procedure 39(b). Although Commercial Tire asserts the motion was filed within the time period for amending pleadings set forth in the Scheduling Order, there is no authority cited (nor, in the court's review, was any found)

---

[17] *Swofford v. B&W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965).
[18] R. Doc. 11.
[19] R. Doc. 24.
[20] R. Doc. 23.

that would support the proposition that the provision of the Scheduling Order providing a deadline for amendments to pleadings to add parties or claims would govern a late request for a jury trial.

Commercial Tire's motion simply does not provide sufficient information to permit the court to determine that a late amendment to add a jury demand is warranted.

Accordingly,

It is recommended that the motion be **DENIED** to the extent it seeks to add a jury demand and that Commercial Tire be instructed to strike that portion of the Amended Answer containing the jury demand without prejudice to Commercial's Tire's ability to file a motion pursuant to Federal Rule of Civil Procedure 39(b).

**C. Affirmative Defenses**

The Scheduling Order in this matter provides a deadline of February 10, 2016 for motions to add new parties or claims.[21] The instant motion was timely filed on February 8, 2016.[22] Unlike the proposed addition of the jury demand, the additional affirmative defenses are the types of claims that are governed by this provision of the Scheduling Order.

Accordingly,

It is recommended that the motion be **GRANTED** to the extent it seeks to add affirmative defenses (the Sixth through Twelfth Affirmative Defenses).[23]

**Recommendation**

For the reasons set forth herein, it is recommended that the Motion For Leave To File First Amended And Restated Answer To Complaint For Declaratory Judgment And Indemnification

---

[21] R. Doc. 23.
[22] R.Doc. 28.
[23] Only the Sixth through Eleventh Affirmative Defenses are actually "new," however the numbering of the paragraphs changed when the additional defenses were added, therefore, for completeness, the court references the Sixth through Twelfth Affirmative Defenses.

And Counter Claim And Third Party Demand Of Commercial Tire Of Louisiana, Inc. (R. Doc. 28) be **GRANTED IN PART AND DENIED IN PART**.

Specifically, it is recommended that the motion be denied to the extent it incorporates a third-party demand against Gaffney and Regions Insurance and that Commercial Tire be instructed to strike that portion of the Amended Answer; that motion be denied to the extent it seeks to add an untimely jury demand and that Commercial Tire be instructed to strike that portion of the Amended Answer; and that the motion be granted to the extent the Amended Answer seeks to add additional affirmative defenses.

Signed in Baton Rouge, Louisiana, on March 22, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**